IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America for the use and benefit of H.A. Sack Co., Inc., <br><br> Plaintiff, <br><br> v. <br><br> Group III Mgt., Inc. and Hartford Fire Insurance Company, <br><br> Defendants. | Civil Action No.: 5:15-4490-JMC <br><br><br><br> **COMPLAINT** |

Plaintiff UNITED STATES OF AMERICA for the use and benefit of H.A. SACK CO., INC., without waiving any right of arbitration of H.A. Sack Co., Inc., hereby files its Complaint against Defendants GROUP III MGT., INC. and HARTFORD FIRE INSURANCE COMPANY and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. H.A. SACK CO., INC. ("Sack") is a corporation duly incorporated under the laws of Georgia with its principal place of business in Georgia.

2. Defendant GROUP III MGT., INC. ("Group III") is a corporation incorporated under the laws of the State of North Carolina with its principal place of business in the State of North Carolina. Defendant Group III has transacted business in South Carolina and is subject to the jurisdiction of this Court.

3. Defendant HARTFORD FIRE INSURANCE COMPANY ("Hartford") is a foreign corporation incorporated under the laws of the State of Connecticut and has its principal place of business in the State of Connecticut. Defendant Hartford is a licensed insurance company in the State of South Carolina. Hartford has transacted business in South Carolina and

is subject to the jurisdiction of this Court.

4. The Court has subject matter jurisdiction for this action pursuant to 28 U.S.C. §1331 and the Miller Act, 40 U.S.C. §3133, since this is the district in which the contract was performed and in which the project was located. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship because the matter in controversy exceeds the amount of $75,000.00, exclusive of interest and costs, and there is diversity of citizenship of the parties. Sack is incorporated in Georgia with its principal place of business in Georgia. Defendant Group III is incorporated in North Carolina and has its principal place of business in North Carolina, and Defendant Hartford is incorporated in Connecticut and has its principal place of business in Connecticut.

5. Venue is proper in this District pursuant to 40 U.S.C. §3133 since the Prime Contract between the United States Government and Group III for the Project was performed and executed in this District. The work performed by Sack for which it seeks to recover under the Miller Act was performed at the U.S. Army Reserve Center in Orangeburg, South Carolina. In addition, venue is proper under 28 U.S.C. §1391(b) (2) since a substantial part of the events or omissions giving rise to the claim occurred in this District.

**BACKGROUND FACTS**

6. Group III entered into a contract (the "Prime Contract") with the United States Government (the "Owner") for the construction of a project known as Army Reserve Center, Orangeburg, South Carolina (the "Project").

7. Group III, as Principal, and Hartford, as Surety, executed a Payment Bond for the Project, Bond No. 22BCSGE5515 (the "Payment Bond") in the amount of $10,122,796.00. Such Payment Bond, a true and correct copy of which is attached hereto as Exhibit "A", is

incorporated herein by reference.

8. Group III entered into a subcontract with Sack to perform certain work for the Project (the "Subcontract").

9. Group III and Sack agreed on certain Change Orders that changed the work on the Project and increased the price of the Subcontract.

10. Sack performed its obligations under the Subcontract and Change Orders.

11. The U.S. Government has occupied the Project and has used Sack's installed work. The U.S. Government, the Owner and Group III have not rejected any of the installed work of Sack. Sack's installed work has been accepted by the U.S. Government, the Owner, and Group III by their acts and conduct.

12. Sack has not been paid the amount of $103,665.70 due under the Subcontract.

### COUNT ONE
### ACTION ON PAYMENT BOND AND UNDER THE MILLER ACT

13. The allegations of Paragraphs 1 through 12 are incorporated herein by reference as if all such paragraphs were fully stated herein.

14. Group III, as Principal, and Hartford, as Surety, executed the Payment Bond for the Project, a true and correct copy of which is attached hereto as Exhibit "A", is incorporated herein by reference.

15. Such Payment Bond was issued and executed by Group III, as Principal, and Hartford, as Surety, pursuant to the Miller Act, 40 U.S.C. §3131, *et. seq.* (the "Miller Act").

16. Pursuant to the terms of the Payment Bond, Group III and Hartford agreed, jointly and severally, to promptly make payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the Prime Contract and any authorized modifications

thereto.

17. Pursuant to the Miller Act, Group III and Hartford are jointly and severally liable to pay every person that has furnished labor or material in carrying out work for the Project for the amount due that has not been paid in full within ninety (90) days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made.

18. Sack furnished labor and materials in the prosecution of the work provided for in the Prime Contract and furnished labor and materials in carrying out work for the Project.

19. Sack is a claimant under the Payment Bond and is entitled to be paid under the Miller Act and under the Payment Bond.

20. Sack has performed work for the Project directly for and under the direction of Group III, but Sack has not been paid the principal amount due of $103,665.70 under the Subcontract by Group III or Hartford.

21. Group III and Hartford have not paid Sack any amount of the $103,665.70 due to Sack pursuant to the Subcontract.

22. More than ninety (90) days has expired since the date that Sack performed the last labor or supplied the last materials for which the claim is made.

23. Sack has provided notice to Group III and Hartford of Sack's claim in the principal amount of $103,665.70, plus interest, but Group III and Hartford have still not paid the amount due.

24. Group III and Hartford have breached the terms of the Payment Bond and their obligations under the Miller Act by failing to pay Sack for labor and work performed and materials supplied by Sack to Group III for the Project.

25. As a result of such nonpayment and breaches by Defendants Group III and Hartford, Sack has been damaged in the principal amount of at least $103,665.70.

26. Despite demand for payment, Group III and Hartford have not paid the sum due Sack under the Payment Bond.

27. This is an action under the Payment Bond and the Miller Act.

28. This action has been filed within one year of the date of the last labor performed on or materials supplied to the Project by Sack.

29. All conditions precedent to Plaintiff being entitled to recover the amount sought herein have been met, have occurred, or have otherwise been waived, excused or frustrated.

30. Plaintiff is entitled to interest on the amount due under the Payment Bond and the Miller Act at the rate allowed by law from the date the amount was due until the date the amount is paid.

31. Therefore, Plaintiff is entitled to recover from Defendants Group III and Hartford, jointly and severally, under the Payment Bond and 40 U.S.C. §3133 in the principal amount of $103,665.70, or such other amount to be proven at trial, plus prejudgment interest on the amount due at the rate allowed by law from the date the amount was due until the date the amount is paid, plus post-judgment interest as allowed by law and costs of this action.

## JURY DEMAND

Sack demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief:

(a)  Judgment in favor of H.A. Sack Co., Inc. against Defendants Group III and Hartford, jointly and severally, under the Payment Bond and the Miller Act in the principal amount of $103,665.70, or such other amount to be proven at trial, plus interest at the rate allowed by law from the date the amount was due until the date the amount is paid, plus post-judgment interest as allowed by law and costs of this action;

(b)  That all issues triable to a jury be tried to a jury; and,

(c)  That the Court grant Plaintiff such further and other relief as this Court deems just and proper.

Respectfully submitted, this 5th day of November, 2015.

s/ Charles H. McDonald
_____
Charles H. McDonald [6741]
ROBINSON, MCFADDEN & MOORE, P.C.
Post Office Box 944
Columbia, SC  29202
(803) 779-8900

Counsel for Plaintiff